[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 22, 2004
THOMAS K. KAHN
CLERK

No. 03-13008

D. C. Docket No. 01-01950-CV-RWS-1

ROCHELLE PHILLIPS,
KALFORD C. FADEM,
POND EQUITIES,
PETER KALTMAN,
HARRIS HOLDINGS, LLC, et al.,

Plaintiffs-Appellees,

versus

SCIENTIFIC-ATLANTA, INC.,
WALLACE G. HAISLIP,
JAMES F. MCDONALD,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 22, 2004)**

Before ANDERSON and BLACK, Circuit Judges, and NANGLE[*], District Judge.

ANDERSON, Circuit Judge:

This appeal concerns one aspect of the pleading standard of the Private Securities Litigation Reform Act ("PSLRA" or "Reform Act"). Plaintiffs contend that factual allegations may be aggregated to give rise to a strong inference of scienter under the PSLRA. Defendants argue that factual allegations may not be aggregated to infer scienter, and that scienter must be inferred for each defendant and with respect to each alleged violation of the statute. We conclude that factual allegations may be aggregated to infer scienter and must be inferred for each defendant with respect to each violation.

## I. INTRODUCTION

This appeal arises from a securities fraud class action against Scientific-Atlanta, Inc. ("S-A") and James F. McDonald and Wallace G. Haislip, the company's CEO and CFO (the "individual defendants"). Plaintiffs allege that Defendants falsely portrayed S-A's financial performance and exaggerated demand for its products to the detriment of investors and in violation of § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b),

---

[*]Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. They also allege that the individual defendants are liable for S-A's violations as "controlling persons" of S-A under § 20(a) of the Exchange Act. 15 U.S.C. § 78t(a). Defendants moved to dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failure to plead fraud with particularity under Rule 9(b) and the PSLRA. 15 U.S.C. § 78u-4(b). The district court denied the motion, finding that the complaint stated a claim and pled fraud with particularity. In re Sci. Atlanta, 239 F. Supp. 2d 1351, 1362-63, 1364-65 (N.D. Ga. 2002). The district court noted that although individual allegations in the complaint, considered in isolation, may not have given rise to a strong inference of scienter, the allegations created such an inference when viewed collectively. Id. at 1366. Defendants petitioned for interlocutory appeal under 28 U.S.C. § 1292(b), and the district court certified the narrow question of whether "allegations that standing alone do not give rise to a 'strong inference' of scienter under the [PSLRA] may nevertheless be aggregated to create such a finding." We granted the petition, and we now affirm.

## II. DISCUSSION

We note at the outset that Defendants have largely conceded the narrow, certified question and have attempted to parlay the appeal into a much broader review of the district court. Defendants seem to concede that facts which

3

individually do not give rise to a strong inference of scienter may be aggregated to rise to the necessary showing, but they go on to argue that such aggregated facts must be applied to each defendant with respect to each alleged violation of the statute. We address each issue in turn.

A. Aggregating Pleadings to Infer Scienter

Under the PSLRA, a securities fraud complaint must plead fraud with particularity and allege facts giving rise to a strong inference of scienter.[1] The statute states that the complaint "shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed," 15 U.S.C. § 78u-4(b)(1), and "shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," 15 U.S.C. § 78u-4(b)(2). Nothing in this language suggests that scienter may only be inferred from individual facts, each of which alone gives rise to a strong inference of scienter,

_____

[1] The instant appeal does not implicate the standard a plaintiff must meet in pleading scienter. For a full discussion of that standard, see Bryant v. Avado Brands, Inc., 187 F.3d 1271 (11th Cir. 1999). We use the term "scienter" in the opinion to refer to the required state of mind according to the law of this Circuit.

rather than from an aggregation of particularized facts. We readily join the courts that have interpreted the PSLRA to permit the aggregation of facts to infer scienter. See Broudo v. Dura Pharms., Inc., 339 F.3d 933, 940 (9th Cir. 2003) ("This court has made clear that allegations of scienter must be collectively considered."); In Re Cabletron Sys., 311 F.3d 11, 39 (1st Cir. 2002) ("'The plaintiff may combine various facts and circumstances indicating fraudulent intent' . . . to satisfy the scienter requirement.") (quoting Aldridge v. A.T. Cross Corp., 284 F.3d 72, 82 (1st Cir. 2002)); Abrams v. Baker Hughes, Inc., 292 F.3d 424, 431 (5th Cir. 2002) ("The appropriate analysis . . . is to consider whether all facts and circumstances 'taken together' are sufficient to support the necessary strong inference of scienter on the part of the plaintiffs."); Fla. State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 660 (8th Cir. 2001) ("[U]nder the Reform Act, a securities fraud case cannot survive unless its allegations collectively add up to a strong inference of the required state of mind."); Rothman v. Gregor, 220 F.3d 81, 92 (2nd Cir. 2000) ("Taken together with the allegations of poor sales and the pleadings in various lawsuits filed by GT, the Appellants have alleged sufficient facts to support a strong inference of recklessness."); see also Bourjaily v. United States, 483 U.S. 171, 179-180 (1987) ("[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum

5

of an evidentiary presentation may well be greater than its constituent parts.").[2]

As noted above, Defendants appear to have conceded this point but then seek to raise other arguments as well. Below we address only one of their additional arguments.

      B.    <u>Showing Scienter for Each Defendant with Respect to Each Alleged Violation</u>

Notwithstanding that the above issue was the only one certified for appeal, Defendants also argue that a strong inference of scienter must be found with respect to each defendant and with respect to each act or omission alleged to violate the statute. We exercise our discretion[3] to address that issue because it is closely related to the certified question. We hold that scienter must be found with respect to each defendant and with respect to each alleged violation of the statute.

---

[2] We do not read <u>In re Rockefeller Ctr. Props. Secs. Litig.</u>, 311 F.3d 198, 224-25 (3d Cir. 2002), as inconsistent with the forgoing cases. Although it held that each allegation should be analyzed individually for particularity, and although it would permit only a limited totality of the circumstances approach in that context, the Third Circuit said nothing about aggregation of several factual allegations contributing to scienter.

[3] Although we have discretion to address issues other than those certified, we also have discretion not to do so. <u>See</u> <u>Moore v. Liberty Nat'l Life Ins. Co.</u>, 267 F.3d 1209, 1219 (11th Cir. 2001). In this case, we exercise our discretion to go beyond the certified question only in the very limited respect noted in the text. In exercising our discretion only to this very limited extent, we note that the question actually certified was not raised in a timely and clear fashion in the district court until after the district court's dispositive opinion. Then, on appeal, defendants largely concede the question actually certified, and spend the bulk of their time and effort on other issues, with respect to which the district court expressly denied certification. Under these circumstances, we decline to permit defendants to parlay a discrete certified question, now largely conceded, into a wide-ranging relitigation on appeal of the district court litigation.

The text of the PSLRA requires that plaintiffs, "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2) (emphasis added). We believe that the plain meaning of the statutory language compels the conclusion that scienter must be alleged with respect to each alleged violation of the statute.[4] Although the plain language is less compelling with respect to alleging the scienter of each defendant, the statute does use the singular term "the defendant," and we believe that the most plausible reading in light of congressional intent[5] is that a plaintiff, to proceed beyond the pleading stage, must allege facts sufficiently demonstrating each defendant's state of mind regarding his or her alleged violations. Nor do we perceive that requirement as posing unrealistic burdens on plaintiffs.[6] Cf. Southland Secs. Corp. v. Inspire Ins. Solutions, 365 F.3d 353, 364-365 (5th Cir. 2004) ("These

---

[4]Although Theoharous v. Fong, 256 F.3d 1219 (11th Cir. 2001), does not expressly so hold, it suggests that a plaintiff must show scienter with respect to each alleged violation.

[5]Congress contemplated that plaintiffs ordinarily would be required to conduct a thorough investigation before filing suit to ensure that the suit has a basis in fact. See, e.g., In re Theragenics Corp. Sec. Litig., 105 F. Supp. 2d 1342, 1351 (N.D. Ga. 2000) ("Prior to the Reform Act, [Federal Rule of Civil Procedure] 11 required that an attorney in every case must investigate claims before filing a complaint. Congress, rightly or wrongly, decided that the protection of Rule 11 against frivolous lawsuits was not enough.").

[6]For example, we have held that all relevant facts and reasonable inferences therefrom may be aggregated to establish the necessary "strong inference that the defendant acted with the required state of mind." See supra § II.A. (citing 15 U.S.C. § 78u-4(b)(2)).

7

PSLRA references to 'the defendant' may only reasonably be understood to mean 'each defendant' in multiple defendant cases[.]").

Despite our agreement with Defendants on this point, our holding does not aid them because Plaintiffs' complaint sufficiently alleges facts giving rise to a strong inference of scienter on the part of each defendant alleged to have committed each violation of the statute.[7]  Finding no error, we affirm the district court.

Defendants frame this issue as the viability of the "group pleading doctrine" in the wake of the PSLRA, a question the courts are now debating.  See, e.g., Cabletron, 311 F.3d at 40 (identifying the issue without deciding it); Southland, 365 F.3d at 363-65 (holding that group pleading did not survive the PSLRA).  The group pleading doctrine in securities litigation varies somewhat among the circuits, but it can be broadly characterized as a presumption of group responsibility for statements and omissions in order to satisfy the particularity requirements for pleading fraud under Federal Rule of Civil Procedure 9(b).  See, e.g., Cabletron, 311 F.3d 11, 40 (1st Cir. 2002) (identifying one form of "the group

_____

[7]We have specifically examined only the allegations comprising the three categories of violations which the district court identified and discussed.  We expressly decline to exercise our discretion to go further beyond the certified question to scrutinize any other alleged violations for the reasons indicated supra in note 3.  Moreover, we note the Defendants have not in this appeal pointed to any errors relating specifically to alleged violations other than those identified and discussed by the district court.

pleading presumption" as an approach in which "the court need not consider the liability of each individual defendant, but may attribute all the statements to all the defendants as 'collective actions'").[8]  In the case that spawned the group pleading doctrine, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433 (9th Cir. 1987), plaintiffs needed a group pleading theory to save their complaint from dismissal because they had "fail[ed] to attribute particular fraudulent statements or acts to each individual defendant."  <u>Id.</u> at 1440.  Rather, plaintiffs had attributed fraudulent conduct to "all defendants."  <u>Id.</u>  The Ninth Circuit determined that such pleading satisfied Rule 9(b)'s particularity requirement because

> In cases of corporate fraud where the false or misleading information is conveyed in prospectuses, registration statements, annual reports, press releases, or other "group-published information," it is reasonable to presume that these are the collective actions of the officers.  Under such circumstances, a plaintiff fulfills the particularity requirement of Rule 9(b) by pleading the misrepresentations with particularity and where possible the roles of the individual defendants in the misrepresentations.

<u>Tandem Computers</u>, 818 F.2d at 1440 (citations omitted).  Some courts have applied the group pleading doctrine to impute the actions or knowledge of some defendants to other defendants, or to presume action or knowledge solely from a

---

[8]Rule 9(b) states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).

defendant's title or position.  See, e.g., In re Solv-Ex Corp. Sec. Litig., 210 F.

Supp. 2d 276, 283 (S.D.N.Y. 2000) ("Under the group pleading doctrine, Plaintiffs

may rely on a presumption that statements in prospectuses, registration statements,

annual reports, press releases, or other group-published information, are the

collective work of those individuals with direct involvement in the everyday

business of the company.") (quotation marks omitted); In re Livent, Inc. Sec.

Litig., 78 F. Supp. 2d 194, 219 (S.D.N.Y 1999) ("[G]roup pleading doctrine . . .

permits a plaintiff to allege that misstatements contained in company documents

may be presumed to be the work of the company's officers and directors.")

(quotation marks omitted).

It is not necessary to address the group pleading doctrine for the disposition

of this appeal.  Unlike in Tandem Computers, Plaintiffs here have attributed

allegedly fraudulent statements and omissions to specific defendants.  We have

reviewed[9] the complaint and we conclude that it contains factual allegations amply

linking each defendant to his alleged violations of the statute and attributing the

required scienter to each defendant with respect thereto.  Accordingly, for

purposes of this appeal, Plaintiffs need not rely upon the group pleading

_____

[9]        See supra note 7.

10

doctrine.[10]

## III. CONCLUSION

For the foregoing reasons, the district court is affirmed.

AFFIRMED.

---

[10] For example, even the Fifth Circuit, which has rejected the group pleading doctrine, recognizes that "corporate documents that have no stated author or statements within documents not attributed to any individual may be charged to one or more corporate officers provided specific factual allegations link the individual to that statement at issue." Southland, 365 F.3d at 365. The allegations in the instant case amply satisfy the Fifth Circuit standard.